# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE LAMANDINGO KNOX, | ) |
| Petitioner, | ) |
| v. | ) No. CIV 18-279-RAW-KEW |
| MIKE CARPENTER, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner has filed an "Emergency Docket Ex Parte-Motion for Extreme Sanctions on Respondent Pursuant to Rule 11 Etc." (Dkt. 21). He is requesting unspecified "extreme sanctions Etc. on Respondent & his O.S. P. Staff's, Et. Al. and Respondent Atty/Asst [illegible] Counsel Gary Elliott, Et. Al. for illegally engaged with his O.S.P. /& D.O.C. staff's of a concocted by mind & means to use a slave's/prisoner's to kill me Etc. . . . ." *Id*. at 1 (errors in original).

Petitioner alleges that:

> On -&- about December 2018, my case No. 2018-7055 A. Knox vs. R. Rowland Et. Al/ U.S.E.D. Court of OK. <u>No. CIV-2018-287-RAW-SPS</u> was "illegally dismissed for lack of filings, Etc. which [certain] defendants/respondents . . . illegally thwarted and hinder Etc. my filings & denial of access to the court's (of my pg. 1-of-13 ex parte objection -&- reply response to that court order dated Nov 28, 2018 that was sent up there to that court I gave Directly to Crystal Pinkney . . . which the . . . camera footage's will show. It never made it to the court for filing again they was allowed to sabotage Etc. my case's.

*Id*. at 1-2 (emphasis and errors in original).

A review of the Court's records indicates Case No. CIV-18-287-RAW-SPS, was a civil rights action by Petitioner against 20 officials of the Oklahoma Department of Corrections. The case was dismissed by this Court on October 18, 2018, for his failure to pay the entire filing fee.[1]

---

[1] Petitioner was denied leave to proceed *in forma pauperis* in Case No. CIV-18-287-RAW-SPS, because he had accumulated at least three prior civil rights actions that count as "prior

The appeal of this Court's dismissal was dismissed for lack of prosecution in Case No. 18-7055 (10th Cir. Dec. 18, 2018). The Court finds those civil rights proceedings, including the issue of his mailing, are unrelated to this habeas corpus action. Therefore, no relief can be granted on these issues.

Petitioner also complains about grievances concerning his alleged forcible movement to a cell with a gang member in October 2018. (Dkt. 21 at 2). He claims certain prison officials threatened to move him to disciplinary segregation, if he refused to be housed with the gang member. *Id*. at 2-4. Petitioner alleges his cell partner has beaten him and pulled knives on him, and the cell partner uses meth/ice and goes days without sleeping or eating, which makes him "real crazy Etc.," and Petitioner's related grievances allegedly went unanswered. *Id*. at 4-5.

Petitioner contends the prison staff have concocted conspiracies and encouraged the cell partner to harm him. *Id*. at 5. The cell partner allegedly has kicked, cut, and stabbed Petitioner with a knife, but instead of moving the cell partner, Petitioner was moved to a cell in the disciplinary unit. *Id*. at 5-6. He claims the disciplinary cell has no water, lights, religious meals, or toilet paper. *Id*. at 6. He also was denied his television, remote control, clock, purchased food order, legal paperwork, surge protector, hygiene items, typing paper, envelopes, pens, cable cords, and pictures. *Id*.

Finally, Petitioner alleges that on December 26, 2018, he gave outgoing legal mail with a DOC disbursement for postage to Crystal Pinkney to be mailed to the Oklahoma County District Court Clerk. *Id.* at 7. The envelope allegedly contained an original mandamus action, exhibits,

---

occasions" or "strikes," pursuant to 28 U.S.C. § 1915(g).

and *in forma pauperis* documentation. *Id.* He does not believe the envelope was mailed out, because the defendants/respondents in the action have "been acting real funny Etc." *Id*. at 8. Petitioner "urgently request [sic] this court to send by e-mail to respondent ass't general counsel Gary Elliott of Record Just in case he say he never received his copy . . ." *Id.*

After careful review, the Court finds Petitioner is attempting through this motion to piggyback civil rights claims to this habeas corpus action, perhaps to avoid paying the filing fee for a section 1983 action. To proceed with the claims in this motion, he must file a new civil rights complaint pursuant to 42 U.S.C. § 1983. Forms for filing a new complaint are available from the Court Clerk.

**ACCORDINGLY,** Petitioner's "Emergency Docket Ex Parte-Motion for Extreme Sanctions on Respondent Pursuant to Rule 11 Etc." (Dkt. 21) is DENIED.

**IT IS SO ORDERED** this 6th day of March 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma